IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GERMONTRIC DRIVER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:12-0133 |
| TERESA MATTOX, KYLE HELTON, and BONNIE PICKLTON, | ) ) ) ) | CHIEF JUDGE HAYNES |
| Defendants. | ) ) | |

# MEMORANDUM

Plaintiff, Germontric Driver filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Defendants: Lt. Teresa Mattox, Giles County Sheriff Kyle Helton, and Corrections Officer Bonnie Picklton. Plaintiff seeks damages against Sheriff Helton, Lt. Mattox, and Officer Picklton for the use of excessive force in violation of his Eighth Amendment rights.

The Court must conduct an initial review of Plaintiff's complaint before the action can proceed. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. Analysis of the Complaint

According to his complaint, Plaintiff is housed at the Maury County Jail in Columbia, Tennessee, but he was formerly incarcerated at the Giles County Jail, in Pulaski, Tennessee. Plaintiff alleges that he was at the Giles County Jail for the nine months preceding his December 31, 2011, transfer to the Maury County Jail. Plaintiff alleges that the showers in the Giles County Jail are "nasty," with mold and mildew and that the drains outside the shower have

insects crawling around them. (Docket Entry No. 1, at 5.)

Plaintiff also alleges that on December 27, 2011, just before his transfer to the Maury County Jail, Plaintiff had a confrontation with jail officials that resulted in his placement in a maximum security cell. Several days later, the toilet in Plaintiff's cell flooded, and Defendant Bonnie Picklton told Plaintiff to clean up the flood. Plaintiff refused, telling Picklton it was "not [his] job to clean up human waste." Id. For his refusal, Plaintiff alleges that he was "ma[c]ed" while sitting on his bunk. Id. Plaintiff also asserts that Picklton called to deputies to "taze" Plaintiff, but they refused. Id. Plaintiff, who has a heart murmur, was later taken to the hospital for treatment of injuries resulting from exposure to the chemical spray. Later the same night, Plaintiff was transferred to the Maury County jail.

## II. Standard of Review

When a prisoner initiates a civil action against a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

The standard for failure to state a claim is plausibility, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that applies to evaluations "under [§ 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

To state a claim under § 1983, a plaintiff must identify deprivation of a right protected by the United States Constitution by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The bulk of Plaintiff's allegations involve the use of excessive force by Defendant Picklton, who sprayed him with mace or chemical spray while Plaintiff was sitting on his bunk. As a result, Plaintiff alleges that he required medical treatment at a hospital.

The Eighth Amendment prohibits cruel and unusual punishment and a particular punishment must be "barbarous" or contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, also prohibits prison officials' "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Sixth Circuit has suggested that

the use of chemical agents may be necessary for compelling prison inmates' compliance with prison officials' orders. *Caldwell v. Moore*, 968 F.2d 595 (6th Cir. 1992). The use of chemical agents such as mace or tear gas does not constitute cruel and unusual punishment, if reasonably necessary to subdue recalcitrant prisoners. *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984); *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975). Based upon Plaintiff's allegations that he was merely sitting on his bunk and Defendant Picklton's spraying of him required hospitalization, the Court concludes that Plaintiff states a colorable claim against Picklton under § 1983 for the use of excessive force.

As to Defendants Mattox or Helton, who are alleged to be supervisory officials, § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Because Plaintiff does not allege that Mattox or Helton had any involvement or ratified Picklton's spraying, the Court concludes that Plaintiff fails to state a viable claim against these Defendants.

As to the "nasty" showers with mold or mildew at the Giles County Jail, Plaintiff is no longer at the Giles County Jail and any claim for injunctive relief is moot. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Moreover, Plaintiff does not allege any injury or actual denial of basic hygiene for his damages claim. *See Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

## IV. Conclusion

For these reasons, the Court concludes that Plaintiff's claim against Defendant Bonnie Picklton for alleged use of excessive force should be allowed to proceed, but Plaintiff's remaining claims fail to state claims for relief under § 1983.

An appropriate Order is filed herewith.

This the _14th_ day of _November_, 2012.

William J. Haynes, Jr.
Chief United States District Judge