IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GERMONTRIC L. DRIVER, | ) | |
| Plaintiff, | ) ) | CASE NO. 1:12-00133 |
| v. | ) ) ) | Chief Judge Haynes |
| BONNIE PICKLTON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM**

Plaintiff, Germontric L. Driver, filed this action under 42 U.S.C. § 1983 against the Defendants: Teresa Mattox, Kyle Helton and Bonnie Pinklton, all in their official capacities. (Docket Entry No. 1, Complaint at 4, 6). In a prior Order, this Court dismissed with prejudice Defendants Mattox and Helton from this action. (Docket Entry No. 5). The only remaining Defendant is Picklton who is sued in her official capacity. Plaintiff's claim is that the Defendant violated his Eighth Amendment right by spraying Plaintiff with mace while he sat on his bunk. (Docket Entry No. 1, Complaint at 5). Plaintiff asserts that such use of force was excessive force.

Before the Court is the Defendant Picklton's motion for summary judgment (Docket Entry No. 17), filed April 5, 2013 to which, Plaintiff has not filed a response. Under Local Rule 7.01(b), Plaintiff's failure to respond could be construed as not opposing this motion.

The undisputed facts are that on March 9, 2011, Plaintiff was indicted for possession of marijuana and possession of cocaine with intent to sell. (Docket Entry No. 21, Mattox Declaration at ¶ 3, Exhibit A thereto). On April 5, 2011, Tennessee issued a warrant for

Plaintiff's parole violation. Id. at ¶ 4 and Exhibit B. Plaintiff has two convictions for automobile burglary for which he received a sentence of 15 years. Id. at ¶ 5, Exhibit B thereto.

After his arrest on the probation violation, Plaintiff was held at the Giles County Jail. Id. at ¶ 6, Exhibit C. On April 15, 2011, Plaintiff pled guilty to possession with intent to sell and received an eight (8) years sentence. Id. at ¶ 8, Exhibit E. Although the state prisoner, Plaintiff was held at the Giles County Jail, the State transferred him. Id. at ¶ 9.

On December 28, 2011, Plaintiff struck a correctional officer in the nose that resulted in an assault charge to which Plaintiff waived his right to a disciplinary hearing and received the administrative sanction of 30 days in lockdown and also pled guilty to the assault charge. (Docket Entry No. 21-7).

On December 31, 2011, the toilet in Plaintiff's cell flooded that is a typical inmate practice. (Docket Entry No. 20, Pinklton Declaration at ¶ 3). In such instances, the inmates are expected to clean the cells and are provided clearing supplies to do so as a deterrent to such conduct. Id. Plaintiff elected to flood his toilet. Id. at ¶ 4. Defendant Pinklton, a sergeant was aware of Plaintiff's striking a correctional officer and considered Plaintiff to be violent. Id. at ¶ 5. To open the cell to investigate the situation, Defendant Pinklton told Plaintiff that she would provide cleaning supplies for him to clean his cell. Id. at ¶ 6. Plaintiff admits that he informed Defendant Pinklton that he would not clean the cell and he refused to move. (Docket Entry No. 1, Complaint at 5). Defendant Pinklton observed Plaintiff clench his fist and shout in an angry tone, "I ain't going to clear it up-you need to get a rack man to clean it up. I'll come out swinging on you." (Docket Entry No. 20, Pinklton Declaration at ¶ 6, Exhibit A). Feeling threatened, Defendant Pinklton used pepper spray. Id. at ¶ 8. According to Defendant Pinklton,

Plaintiff was standing in an aggressive manner when she dispersed a single, one-second burst of pepper spray. Id. at ¶ 8. The spray struck Plaintiff in the back of his neck as he turned away. Id. Plaintiff did not evince any signs of distress and several times after the incident, told Defendant Pinklton that he was "O.K." Id. at ¶ 9. Corrections officers cleaned Plaintiff's cell and after the Defendant's shift, Plaintiff was transported to a local hospital with complaints of chest pain. (Docket Entry No. 21, Mattox Declaration, ¶ 13, Exhibit H thereto). Plaintiff was returned that same evening with a diagnosis of atypical chest pain and ordered to resume normal activity. Id. at ¶ 14.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, the above constitutes finding of facts.

Defendant Pinklton is sued exclusively in her official capacity (Docket Entry No. 1, Complaint at 6), and in such instances, Plaintiff's claim is an action against the governmental entity only. Hafer v. Melo, 502 U.S. 21 (1991). "Before a local government can be held liable for injuries pursuant to § 1983, whether the suit is plead as an official capacity suit or a suit against the local government, a plaintiff must show that his injuries were the result of a 'policy or custom' attributable to the governmental entity." Monell v. Dept. of Social Services, 436 U.S.

658, 690 (1978). Here, Plaintiff has never identified any policy or custom attributable to any of the defendants nor that Defendant Pinklton violated Plaintiff's Eighth Amendment rights. For these reasons, the Court concludes that Defendant Pinklton's motion for summary judgment should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of July, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court